UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JESSE R. BENTON

Defendant.

Case No. 1:21-cr-0569-TNM

### DEFENDANT'S EMERGENCY MOTION
### FOR LIMITED STAY OF SURRENDER DATE

Defendant Jesse Benton respectfully moves this Court to grant a limited stay of his June 22, 2023 surrender date pending the D.C. Circuit's resolution of his contemporaneously filed motion for bail pending appeal, attached to this motion as Exhibit A. The Government has informed Mr. Benton that it opposes the requested relief.

On November 17, 2022, Mr. Benton was convicted by a jury of campaign-finance-related offenses. At that time, and throughout the proceedings in this Court, Mr. Benton was on a personal-recognizance bond. On February 17, 2023, this Court sentenced Mr. Benton to 18 months in prison and 24 months of supervised release and denied Mr. Benton's motion for bail pending appeal. The Court's judgment provided that Mr. Benton's surrender date would be "no earlier than June 1, 2023" and explained that Mr. Benton would be "notified by the Probation or Pretrial Services Office" as to the report date eventually selected. Dkt. 77 at 3. On June 2, 2023, the Bureau of Prisons informed Mr. Benton that his surrender date is June 22, 2023.[1]

---

[1] Based on the Court's oral ruling at sentencing, the language of the Court's judgment, communications with trial counsel, and communications with his probation officer, Mr. Benton believed that on or around June 1, 2023, he would receive a letter from the Bureau of Prisons with a report date that was 30 to 45 days after June 1. On June 1, however, Mr. Benton's trial counsel

1

Mr. Benton has diligently pursued his appellate remedies since the Court sentenced Mr. Benton and denied his motion for bail pending appeal. Mr. Benton filed a notice of appeal on March 2, 2023, which was docketed in the D.C. Circuit on March 13, 2023. Mr. Benton, however, could not afford to pay his trial counsel to represent him on appeal. As a result, on April 12, 2023, Mr. Benton's trial counsel filed a notice of intent not to represent Mr. Benton on appeal. Five days later, Mr. Benton filed a motion to proceed in forma pauperis and a separate motion to appoint appellate counsel. On May 19, 2023, the undersigned was appointed under the Criminal Justice Act to represent Mr. Benton on appeal.

Earlier today, Mr. Benton filed a motion for bail pending appeal in the D.C. Circuit, as permitted under Federal Rule of Appellate Procedure 9(b). Mr. Benton was unable to file the motion sooner due to delays in obtaining transcripts of the proceedings in this Court, including the transcript containing the Court's oral ruling on Mr. Benton's motion for bail pending appeal, which Circuit Rule 9(b)(2) requires to be included in a motion for bail pending appeal. The undersigned only received the sentencing transcript today, June 15, despite diligent efforts to obtain it more quickly.[2] As a result of these delays, it is unlikely that the D.C. Circuit will be able to resolve Mr. Benton's motion for bail pending appeal before his surrender date next Thursday, June 22.

---

received a call from government counsel inquiring about Mr. Benton's whereabouts and asserting (apparently based on a call she received from the Bureau of Prisons) that Mr. Benton's report date in fact *was* June 1. Mr. Benton never received a letter or other communication from the Bureau of Prisons informing him of the June 1 report date. After this miscommunication was made clear to the Bureau of Prisons, it provided the current report date of June 22.

[2] In particular, throughout the week of May 29, the undersigned's colleague diligently attempted to create a CJA eVoucher account to submit transcript requests. Counsel exchanged several calls and emails with the court reporters on May 31 to understand the transcripts' length and the subject matter they covered. On June 1, counsel then emailed the address listed on the Court's website for assistance (evoucher@dcd.uscourts.gov), but did not receive a response. Counsel also placed several calls and emails to the Federal Public Defender's Office to attempt to establish a CJA eVoucher account, but was only able to get in touch with the relevant staffer on Friday, June 2. Counsel was informed that the staffer had been out-of-office that week. After counsel transmitted

Mr. Benton therefore respectfully requests a limited stay of his June 22 surrender date pending the D.C. Circuit's resolution of his motion for bail pending appeal. District courts often exercise their inherent authority to stay a defendant's surrender date pending consideration of a motion for bail pending appeal, without requiring a showing of a likelihood of success on appeal. *See, e.g.*, *United States v. Mangano*, No. 16-CR-540 (JMA), 2022 WL 2872670, at *16 (E.D.N.Y. July 20, 2022) (denying motion for bail pending appeal but staying surrender date pending the court of appeals' consideration of the issue); *United States v. Jasper*, No. S1 00 CR 0825 PKL, 2004 WL 112939, at *2 (S.D.N.Y. Jan. 23, 2004) (same); *United States v. Munoz Franco*, 356 F. Supp. 2d 20, 57 (D.P.R. 2005) (staying surrender date pending the district court's consideration of motion for bail pending appeal); *United States v. Caplan*, No. 2:04-CR-299, 2007 WL 9752784, at *1 (W.D. Pa. Apr. 4, 2007) (same).

There is good cause for such a stay in this case. As discussed, Mr. Benton has made diligent efforts to obtain appellate counsel and file a motion for bail pending appeal in the D.C. Circuit at the earliest opportunity. Mr. Benton is not a flight risk or a danger to the community. To the contrary, Mr. Benton is a family man and the sole financial provider for his daughter, to whom he is very close. And because courts of appeals promptly resolve motions for bail pending appeal, a stay pending the D.C. Circuit's resolution of Mr. Benton's motion is likely to be brief. *See*, *e.g.*, *United States v. Brock*, No. 23-3045 (D.C. Cir. May 25, 2023) (deciding motion for release pending

---

the relevant initial and follow-up documents on Friday, June 2, and Monday, June 5, the undersigned's eVoucher account was created on June 6. Counsel promptly requested transcripts that same day, and sought to have them produced on an expedited, 3-day basis. Yesterday, however, counsel received a "private note" on a transcript notice filed with the D.C. Circuit, stating: "I do not see a justification for 3 day rush. The attorney may re-submit for a standard reimbursement request." Counsel thereafter promptly submitted a request for standard-rate production. Because of these delays, counsel had to procure the sentencing transcript on an expedited basis with private funds, and has had to rely on unofficial transcripts of the other proceedings furnished by the government on June 12.

appeal within two weeks).  Absent a stay, moreover, Mr. Benton almost certainly will have to report to prison before the D.C. Circuit has had an opportunity to rule on his motion for bail pending appeal.  And if the D.C. Circuit ultimately grants his motion for bail pending appeal after Mr. Benton reports to prison, Mr. Benton and his family will have suffered unnecessary disruption.

Mr. Benton therefore respectfully requests that the Court stay his surrender date pending the D.C. Circuit's resolution of his motion for bail pending appeal.

Dated:  June 15, 2023

Respectfully submitted,

 */s/ Matthew D. McGill*
Matthew D. McGill
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 887-3680
mmcgill@gibsondunn.com

*Counsel for Defendant Jesse R. Benton*

## **CERTIFICATE OF SERVICE**

I hereby certify that this motion was filed by ECF on June 15, 2023, and thereby served on opposing counsel.

                                              */s/ Matthew D. McGill*
                                              Matthew D. McGill