UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE R. BENTON<br><br>                Defendant. | Case No.  1:21-cr-00569-TNM |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

Approximately four months after beginning his sentence, Defendant now asks this Court to reduce his sentence by three months based on the new retroactive amendments to the Guidelines. However, nothing about Defendant's conduct, crime, or characteristics has changed and Defendant remains unrepentant for his criminal activity, which was egregious.  Under the new Guidelines, Defendant is in Criminal History Category I because the District Court in the Southern District of Iowa believed Defendant's claims that his criminal conduct was aberrant, and chose to put him on probation rather than impose a custodial term.  Rather than take advantage of that stroke of mercy, Defendant deliberately and methodically committed the present offense, allowing a Russian foreign national to contribute to the 2016 Presidential campaign.

"The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).  In other words, although Defendant is eligible for a reduction, he is not entitled to one. *See* USSG § 1B1.10, Background. The Court fully considered the 18 U.S.C. § 3553(a) factors in imposing an 18-month sentence on Defendant and none of those factors have changed.  The Court should deny Defendant's motion.

1

## BACKGROUND

While on probation for his previous campaign finance offense, the defendant, Jesse R. Benton ("Defendant"), worked with his co-defendant R. Douglas (Doug) Wead ("Wead"), to enable Roman Vasilenko, a Russian foreign national, to unlawfully contribute $25,000 into the 2016 campaign for President of the United States. As a result of this conduct Defendant was charged with one count each of 18 U.S.C. § 371 (conspiracy); 52 U.S.C. § 30121 (electoral contributions by foreign nationals); and 52 U.S.C. § 30122 (electoral contributions in the name of another); and three counts each of 18 U.S.C. § 1519 (causing false records). On November 17, 2022, a federal jury returned a verdict finding the Defendant guilty of all counts in the Indictment. ECF No. 61.

On February 17, 2023, this Court sentenced Defendant to 18 months custody and 24 months supervised release, as well as a $10,000 fine and a $600 mandatory special assessment. ECF. No. 77. At the time of sentencing Defendant was in criminal history category II, because he was on probation for his previous offense at the time of this offense. *See* PSR ¶ 77a. Defendant's Guidelines range was therefore 18-24 months. *Id.* at ¶ 130. The United States recommended a sentence of 24 months custody. ECF No. 73. At sentencing the Court found that Defendant's "actions undermine the rule of law in this country. They did undermine the integrity of the presidential election and the transparency that Congress has mandated in the Election Act." Sentencing Tr., 43-44. The Court noted that as to Defendant's previous conviction "the judge gave [him] a real break" and but that Defendant took "that break, the mercy [he] sought from the judge and received, and turn[ed] around and only weeks later mail[ed] in this false campaign contribution here." The Court concluded that Defendant "knew the law" and that he "knew what [he was] doing was wrong" and "squandered that opportunity given to [him] in that last case." Sentencing Tr.,

47. In imposing its 18-month sentence the Court noted, "I think the Government's sentencing request is entirely reasonable under the circumstances, but I'm mindful that the sentence I impose must be sufficient but not greater than necessary to carry out the purposes of sentencing." Sentencing Tr., 48.

On March 2, 2023, Defendant filed his notice of appeal in this case. ECF No. 79. In his opening brief, filed September 15, 2023, Defendant appealed not only his conviction but also the Court's sentence, asserting that the Court incorrectly included his prior pardoned conviction in calculating his criminal history and that he should have zero criminal history points. *United States v. Benton*, Case No. 23-3028, Opening Brief at 51 (D.C. Cir. September 15, 2023).

According to the Bureau of Prison's website, Defendant is presently in custody with a release date of August 16, 2024.

## AMENDMENTS TO THE GUIDELINES

On November 1, 2023, proposed amendments to the Sentencing Guidelines became effective that changed how the Guidelines calculate "status" points, for defendants who commit their criminal activity while under a criminal justice sentence. *See* USSG § 4A1.1(e). Under the new Guidelines, which are retroactive[1], Defendant would have one criminal history point from his prior conviction, and be in Criminal History Category I. *See id.* However, as laid out in the Guidelines, even where a defendant is *eligible* for a reduction in sentence due to a retroactive change, it does not automatically follow that the defendant is entitled to such a reduction. USSG § 1B1.10(b)(1). Indeed, the Guidelines specifically state that "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence,

---

[1] Although the Guidelines went into effect November 1, 2023, the effective date of any order reducing a sentence of imprisonment must be February 1, 2024, or later. USSG § 1B1.10(e).

3

does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." USSG § 1B1.10, Background. In determining whether a reduction is appropriate, the Court must consider the factors in 18 U.S.C. § 3553(a). USSG § 1B1.10, Application Note 1(B). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) *(*"A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).").

As sentencing reductions are entirely discretionary, courts have repeatedly denied sentence reductions in situations where, as here, guideline amendments lowered the sentencing ranges, but the underlying criminal conduct and §3553(a) factors justify the originally-imposed sentence. *See, e.g., United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (court acted within its discretion in deciding motion without a hearing and denying sentence reduction based on nature of original criminal conduct); *United States v. Dunn,* 728 F.3d 1151, 1159-60 (9th Cir. 2013) (affirming denial of sentence reduction based on §3553(a) factors); *United States v. Melton*, 2008 WL 1787045 (W.D.N.C. 2008) (denial based on nature of offense); *United States v. Reynolds*, 2008 WL 2367254 (S.D. W. Va. 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009) (unpublished); *United States v. Marion*, 293 F. App'x 731 (11th Cir. 2008) (unpublished) (district court's consideration of the defendant's criminal history was proper, when denying a reduction motion, even though this was the same factor it considered at his original sentencing hearing).

## JURISDICTION

Defendant's conviction and sentence are presently on direct appeal before the D.C. Circuit. As this Court has previously recognized, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Jackson*, 468 F. Supp. 3d 59, 64 (D.D.C. 2020), aff'd, 26 F.4th 994 (D.C. Cir. 2022). However, under Federal Rule of Criminal Procedure 37, on a "timely motion" for relief that "the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37; *Jackson*, 468 F. Supp. 3d at 64.

## ARGUMENT

The Court fully considered the 18 U.S.C. § 3553(a) factors in imposing an 18-month sentence on Defendant and none of those factors have changed. Defendant accepted money from Roman Vasilenko the very same day he claimed to a Federal District Court Judge in the Southern District of Iowa that "My family is paying such a huge price, and I would have never done anything on purpose if I would have known I would subject them to this kind of pain[.]" *United States v. Jesse Benton et al.*, Case No. 15CR00103-JAJ, S. D. Iowa, ECF No. 690 at 16. Defendant committed this offense just after the Southern District of Iowa district court exercised considerable restraint in sentencing him for his previous offense, and while he was supposed to be on home confinement. *See Benton*, 15CR00103, ECF No. 648 at 4. Defendant has never accepted responsibility for his actions and remains unrepentant. *See* Sentencing Tr., 44-46 (rejecting Defendant's suggestion at sentencing that he did not know what he was doing was wrong, and

noting "it is difficult for me to read your letter talking about your integrity and your faith when I see this clear pattern of deception."). Defendant's conduct in this case, which came on the heels of his other conviction for very similar conduct in the Southern District of Iowa, was brazen, egregious, and undermined the transparency and integrity of the FEC reporting process and a federal election for the office of the President. Nothing about the nature and circumstances of Defendant's offense, his history and characteristics, or the need for his sentence to accomplish both specific and general deterrence has changed.

The United States recognizes that the Guidelines for Defendant's offense have changed: because of the retroactive change to the Guidelines, Defendant no longer receives two criminal history points for his previous conviction, and his new Guidelines range is 15-21 months. But even with the change, the Court's 18-month sentence remains within the Guidelines range, and sufficient but not greater than necessary to meet the goals of sentencing. Indeed, Defendant's single point for his prior conviction now underrepresents his criminal history, which is serious, and is a factor the Court can take into account under 18 U.S.C. § 3553(a). *See* USSG § 1B1.10, Application Note 1(B) ("[T]he court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).").[2]

Defendant's incorrectly claims that the fact that he has not been disciplined in custody and that he reported to custody as ordered somehow change this calculus. But it does not. Defendant remains the same person the Court sentenced earlier this year. Moreover, as this Court recognized

---

[2]     Indeed, Defendant receives only one criminal history point for his prior conviction because the Court in the Southern District of Iowa believed Defendant's representations that his actions were "aberrant behavior" and sentenced him well below the Guidelines with no term of imprisonment. *Benton*, Case No. 15CR00103-JAJ, S. D. Iowa , ECF No. 690 at 22.

at sentencing, given that Defendant's prior conviction apparently had no deterrent effect on him, it is not clear that he is not a danger to the community. Sentencing Tr., 57. A significant sentence in the present matter remains warranted under the § 3553(a) factors, to accomplish both specific and general deterrence.

The change in the Guidelines does not fundamentally change the Court's prior analysis under the § 3553(a) factors. Defendant's conduct remains serious. His pattern of disregarding the law for his own personal greed and gain remains egregious. And the need for specific deterrence of Defendant remains as pressing as ever. The Court should deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, this Court should deny the Defendant's Motion to Reduce Sentence.

Respectfully submitted,

Corey R. Amundson
Chief, Public Integrity Section

By: */s/ Lauren Castaldi*
Lauren Castaldi
Trial Attorney
Public Integrity Section
U.S. Department of Justice
1301 New York Ave., NW
Washington, D.C. 20530
(202) 305-4495
Lauren.castaldi@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that this motion was filed by ECF on December 1, 2023, and thereby served on defense counsel.

                                             */s/ Lauren Castaldi*
                                             Lauren Castaldi
                                             Trial Attorney